UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| MARLENE A. KRULY,<br><br>    Plaintiff,<br><br>v.<br><br>AKOUSTIS TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 6:21-cv-06181-FPG |

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

Most of Plaintiff Kruly's substantive response to Defendant Akoustis's motion to transfer venue appears in her affidavit rather than her brief in opposition. It contains improper legal arguments, assertions that lack personal knowledge, and new allegations that do not appear in the complaint. But even if considered on the merits, Kruly's arguments lack merit and fail to meaningfully engage with the arguments in Akoustis's initial memorandum of law. Because Akoustis has met its burden here, the Court should grant the motion to transfer venue.

**I.    The Court Should Disregard the Portions of Kruly's Affidavit that Lack Personal Knowledge or Advance Legal Arguments.**

With regard to the factors considered by a court faced with a motion to transfer venue, Kruly chooses to largely omit legal arguments from her brief and instead include them in her contemporaneously filed affidavit. (*See* D.E. 9, 9-1.) The affidavit lists each factor of the legal analysis and asserts both facts and legal arguments to support Kruly's opposition to a transfer of this case. Local Rule 7, which concerns motion practice, makes clear that "[a]n affidavit must not contain legal arguments." W.D.N.Y. L.R. 7(a)(3); *see EEOC v. Green Lantern Inn, Inc.*, No. 19-CV-6704 FPG/MJP, 2021 WL 164283, at *1 n.2 (W.D.N.Y. Jan. 19, 2021). A district court may

refuse to consider a party's legal argument that appears in an affidavit rather than a brief, in violation of local court rules. *See, e.g.*, *Federated Mut. Ins. Co. v. Woodstock '99, LLC*, 190 F. Supp. 2d 324, 330 (N.D.N.Y. 2002) ("Because the submission of legal argument by affidavit is expressly prohibited by L.R. 7.1(a)(2), such arguments will not be considered."); *Ragona v. Wal-Mart Stores, Inc.*, 62 F. Supp. 2d 665, 667 (N.D.N.Y. 1999) (refusing to consider legal argument presented only in attorney affidavit); *Grassi v. Lockheed Martin Fed. Sys., Inc.*, 186 F.R.D. 277, 278 (N.D.N.Y. 1999) ("I have no legal argument from plaintiff that I can consider. . . . Insofar as it may be argued that plaintiff's attorney's affidavit is functionally equivalent to a memorandum of law, it is inadequate; there is not a single citation to any statute or case decision."); *Ugarte v. Johnson*, 40 F. Supp. 2d 178, 179 n.1 (S.D.N.Y. 1999). The Court should do so here.

The same goes for the statements in Kruly's affidavit for which she lacks personal knowledge. *See United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990) (attorney affidavit not based on personal knowledge properly not credited); *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (improper to rely on attorney affidavit not based on personal knowledge); *see also McLean v. Johnson*, No. 15-CV-6505-CJS-JWF, 2019 WL 315325, at *1 (W.D.N.Y. Jan. 24, 2019) ("An affidavit is a sworn statement of fact *based on personal knowledge* that would be admissible on evidence at trial." (emphasis added and citation omitted)). These include the following statements, which speculate into the mindsets of others and for which Kruly makes no attempt to lay foundation:

- "Ms. Shealy along with Ms. Barcarse were well aware of the environment that I was working in."

- "Mr. Pettit may not have been the final decision maker in my dismissal, but he undoubtedly had input on the decision."

- "Let is [sic] also be known that while I was out on LOA, there were never any attempts to hire a substitute for the Canandaigua, NY office,

<pre>              to fill in until I could resume my duties. This act alone, speaks of a
              premeditation."</pre>

(D.E. 9-1 at 3.) Accordingly, the Court should disregard the numerous improper statements in Kruly's affidavit as it considers Akoustis's motion to transfer venue.

## II.     Akoustis Has Met Its Burden to Show that a Transfer Is Warranted.

In her response brief, Kruly asserts that she "did not avail herself of the jurisdiction of North Carolina courts when Defendant hired her to work for Defendant in Canandaigua, NY," and argues that Akoustis "most certainly did avail itself of the jurisdiction of WDNY courts when it chose to conduct business in this State, district and region." (D.E. 9 at 5.) Kruly further states that "[t]his is not a case in which Defendant had temporary presence in this State and region. Defendant admits it operates a manufacturing facility in Canandaigua, NY." (*Id.* at 6.) But these arguments concern personal jurisdiction, not venue. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (discussing "purposeful availment" requirement for personal jurisdiction). Akoustis does not contest personal jurisdiction, so they have no relevance here.

Even if the Court chooses to consider the improper legal arguments in Kruly's affidavit, they lack merit and largely fail to respond to Akoustis's arguments in its initial memorandum. Akoustis responds to Kruly's arguments based on each relevant factor below.

*Convenience of Witnesses.* Kruly repeatedly states that her witnesses, including experts, "are established in WDNY" and "outnumber the parties in North Carolina." (D.E. 9-1 at 2.) But Kruly fails to identify any of these witnesses or specify how many there are. Meanwhile, Akoustis has identified by name several party and non-party witnesses for whom a transfer would be more convenient and provided a brief description of their expected testimony. (*See* D.E. 6-1 at 5–6.) Caselaw instructs that this disparity favors transfer:

> Here, the District has demonstrated that the convenience of witnesses and, in particular, non-party witnesses, favors transfer to the Western District of Washington. The District has identified by name a number of probable non-party witnesses who will be inconvenienced, as well as the substance of what their testimony will cover. In contrast, AIG-FP has only provided vague and general statements regarding its potential witnesses. For example, AIG-FP states, in its opposition to the District's motion, that the District "cannot rebut that many witnesses (such as Lazard and Citigroup employees) likely are located in New York, and that New York is more convenient than Washington for Connecticut witnesses." . . . . Although employees of AIG-FP, AIG, Citigroup and Lazard are likely to provide relevant testimony, AIG-FP has failed to provide their names or the substance of the testimony they would provide. Thus, the Court finds that the convenience of the witnesses weighs in favor of transfer.

*AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cty.*, 675 F. Supp. 2d 354, 370 (S.D.N.Y. 2009) (cleaned up). Kruly's "vague and general statements" regarding the convenience of her unnamed and unnumbered witnesses thus pale in comparison to Akoustis's detailed list of witnesses. This factor favors Akoustis.

*Convenience of the Parties*. Kruly's argument regarding her medical condition and treatment fits best under this factor. While Kruly has undergone treatment to treat a medical condition, the medical records she has submitted in support of her response to the motion to transfer venue do not indicate that having to travel to North Carolina one time for trial would pose an undue burden. The letter from Dr. Dirk Bernold states that Kruly "had an excellent response to therapy" and "completed therapy in September 2019." (D.E. 9-2 at 2.) The letter from Nurse Practitioner Stephanie Hook confirms that Kruly's therapy concluded on September 20, 2019. (D.E. 9-3 at 2.) Any trial in this matter would occur at least two full years after the completion of her treatment. The medical records show that Kruly's continuing "surveillance for 5 years" merely involves occasional checkups and follow-up appointments "every six months"—which do not present an undue burden. (D.E. 9-2 at 2; D.E. 9-3 at 2.) Finally, traveling to North Carolina once for trial would not require the sort of "frequent travel" the Nurse Practitioner's letter advises

4

against. (D.E. 9-3 at 2.) Accordingly, this factor remains neutral. *See Federman Assocs. v. Paradigm Med. Indus.*, No. 96 Civ. 8545, 1997 WL 811539, *3 (S.D.N.Y. Apr. 8, 1997) (this factor "weighs neutrally" where "[r]egardless of the forum in which the action takes place, one party will be obligated to travel").

*Location of Relevant Documents*. Kruly highlights that she filed her "[i]nitial claim with the Division of Human Rights and all pertinent information pertaining to said claim is filed in WDNY." (D.E. 9-1 at 3.) But that has no relevance here, where the focus is on the location "of the discovery material relevant to this action," not the administrative charge of discrimination. *Moog, Inc. v. Newport Aeronautical, Inc.*, No. 14-CV-00504A(F), 2016 WL 3444238, at *5 (W.D.N.Y. June 23, 2016). As established in Holly Johnson's affidavit, Akoustis's North Carolina headquarters houses the bulk of discovery material relevant to this case; Kruly presents no evidence to the contrary. (*See* D.E. 6-2 at 4.)

*Locus of Operative Facts*. In her affidavit, Kruly claims for the first time that "[t]here was a hostile work environment that [she] had to endure during [her] employment," that "[t]he hostile environment was established by [her] former Supervisor, David Pettit," and that she was subjected to "workplace bullying." (D.E. 9-1 at 3.) None of this appears in her complaint. It does not allege bullying, claim a hostile work environment existed, or even mention Pettit's name or position. "[I]t is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs." *Olde Monmouth Stock Transfer Co., Inc. v. Depository Tr. & Clearing Corp.*, 485 F. Supp. 2d 387, 393 (S.D.N.Y. 2007) (citation omitted). Nor can a plaintiff "amend the complaint by affidavit." *Sanders v. City of New York*, 692 F. Supp. 308, 313 (S.D.N.Y. 1988). The Court should disregard these new, improperly submitted allegations.

5

Kruly also asserts that the Western District of New York "is where [her] job functions took place, not in North Carolina," and that the discrimination she alleges Akoustis engaged in "affected [her] in Canandaigua, NY, not anywhere else." (D.E. 9-1 at 2, 3.) But, as explained in Akoustis's initial memorandum, the locus of operative facts in an employment discrimination case is where "the decision to terminate" the plaintiff's employment was made, not where "the impact of the alleged discrimination was partly felt" by the plaintiff. *Lapushner v. Admedus Ltd.*, No. 18-CV-11530 (ALC), 2020 WL 777332, at *5 (S.D.N.Y. Feb. 14, 2020). Holly Johnson's affidavit establishes that Akoustis employees located in North Carolina made the decision to terminate Kruly's employment. (D.E. 6-2 at 3–4.) It further states that Akoustis employees in New York—including Pettit—did *not* participate in that decision. (*Id.* at 4.) This statement, made by a witness with personal knowledge, controls when stacked against Kruly's unsupported assertion that "Pettit may not have been the final decision maker in [her] dismissal, but he undoubtedly had input on the decision." (D.E. 9-1 at 3.) As discussed above, the Court should disregard statements in affidavits that lack personal knowledge, including this one.

*Relative Means of the Parties.* Kruly claims that a transfer would result in financial hardship for her, her witnesses, and her "[t]eam of counsel and advisors." (D.E. 9-1 at 4.) This contention lacks merits for three reasons. First, "a party arguing for or against transfer on these grounds must offer documentation to show that transfer would be unduly burdensome to his finances." *Seltzer v. Omni Hotels*, No. 09-cv-9115, 2010 WL 3910597, at *5 (S.D.N.Y. Sept. 30, 2010) (cleaned up). Kruly has failed to do so, offering only evidence regarding her medical condition, not her financial condition. Second, this factor focuses on the "relative means of the *parties*," not the witnesses (whose "convenience" is considered in another factor) or the parties'

counsel. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) (emphasis added).

Third, to the extent Kruly argues that hiring counsel would itself pose a hardship,

> engaging counsel is not an undue burden where, as here, Plaintiff has not asserted a reason it would need to hire additional counsel rather than replacement counsel, and there is no indication Plaintiff's current counsel could not appear *pro hac vice* in [the transferee district], limiting the additional expense of local counsel.

*Novitaz, Inc. v. InMarket Media, LLC*, No. 3:16-CV-00387 (VLB), 2016 WL 10405919, at *3 (D. Conn. Nov. 8, 2016). Accordingly, this factor favors Akoustis.

*Other Factors*. Kruly's arguments related to the remaining factors—namely, availability of process to compel witness attendance, Plaintiff's choice of forum, comparative familiarity of each district with the governing law,[1] and judicial economy and interests of justice—do not meaningfully engage with the considerations relevant for each and instead repeat her arguments related to other factors. Akoustis addressed each of these factors in its initial memorandum and relies on those arguments here. (*See* D.E. 6-1 at 8–10.)

### III.   Conclusion

For the reasons discussed above and in Akoustis's initial memorandum of law, the motion to transfer venue should be granted.

---

[1] Plaintiff has submitted to the Court a First Amended Complaint by email dated April 27, 2021. The amended complaint, if accepted and filed, does not change the fact that Akoustis's motion should be granted. The proposed amended complaint would add a cause of action for disability discrimination under the New York State Human Rights Law, N.Y. Exec. Law, art. 15. But the existence of this state law claim would not affect the analysis of the "comparative familiarity of each district with the governing law" factor here. Federal courts have consistently held that "[a] claim of disability discrimination under New York State Human Rights Law is governed by the same standards as those governing ADA claims." *Cullen v. Verizon Commc'ns*, No. 14-CV-464S, 2015 WL 4508711, at *1 n.2 (W.D.N.Y. July 24, 2015); *see Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006). And, as discussed in Akoustis's initial memorandum, federal district courts have the same level of familiarity with widely applicable and litigated federal laws like the ADA.

Dated: May 4, 2021

Respectfully submitted,
AKOUSTIS TECHNOLOGIES, INC.,

By: <u>*/ s/ David I. Klass*</u>
David I. Klass (NY Bar No. 4679155)
**FISHER PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone:  (704) 334-4565
Facsimile:  (704) 334-9774
Email: dklass@fisherphillips.com
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| MARLENE A. KRULY,<br><br>    Plaintiff,<br><br>    v.<br><br>AKOUSTIS TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 6:21-cv-06181-FPG |

## Certificate of Service

The undersigned hereby certifies that on the date listed below, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notice to Plaintiff's counsel.

Filed May 4, 2021.

Respectfully submitted,

By: */s/ David I. Klass*
David I. Klass (NY Bar No. 4679155)
**FISHER PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone:  (704) 334-4565
Facsimile:  (704) 334-9774
Email: dklass@fisherphillips.com
*Attorney for Defendant*