UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARLENE A. KRULY,

|  |  |  |
|---|---|---|
|  | Plaintiff, | Case # 21-CV-6181-FPG |
| v. |  | DECISION AND ORDER |
| AKOUSTIS TECHNOLOGIES, INC., |  |  |
|  | Defendant. |  |

**INTRODUCTION**

Plaintiff Marlene A. Kruly commenced this action on February 22, 2021, alleging that her employer, Defendant Akoustis Technologies, Inc., discriminated against her by failing to accommodate her disability—a cancer diagnosis—and ultimately terminating her because of her disability, in violation of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964.  ECF No. 1.  Defendant moved to dismiss the complaint, ECF No. 5, and the parties stipulated to the filing of an amended complaint, ECF Nos. 13-14.  Meanwhile, Defendant moved to change venue to the United States District Court for the Western District of North Carolina.  ECF No. 6.  For the reasons set forth below, Defendant's motion to change venue is DENIED.

**DISCUSSION**

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purposes of § 1404(a) are to "prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *O'Brien & Gere, Inc.*

*of N. Am. v. Barton Rands, Ltd.*, 497 F. Supp. 2d 507, 510 (W.D.N.Y. 2007) (internal quotation marks omitted).  Under § 1404(a), "[c]ourts first determine whether the action could have been brought in the prospective transferee district, and then consider whether transfer would be appropriate."  *Placek v. Shopoff*, No. 18-CV-4326, 2018 WL 4572253, at *3 (S.D.N.Y. Sept.  24, 2018).  Courts consider several factors, including:

> (1) plaintiff's choice of forum, (2) convenience of the witnesses, (3) location of evidence, (4) convenience of the parties, (5) locus of the operative facts, (6) ability to compel the attendance of witnesses, (7) relative means of the parties, and (8) trial efficiency and the interests of justice.

*irth Sols., LLC v. Apex Data Sols. & Servs., LLC*, No. 18-CV-6884-FPG, 2019 WL 283831, at *5 (W.D.N.Y. Jan. 22, 2019).[1]  The district court has "wide latitude to decide whether to transfer venue."  *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742 (S.D.N.Y. 2013).  It is well-settled, however, that the plaintiff's choice of forum is "given great weight."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006).  Ultimately, "[t]he moving party . . . bears the burden of showing that transfer is warranted in light of these factors."  *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).

In this case, Defendant has not met its burden of demonstrating that transfer to the Western District of North Carolina is warranted.  The parties agree that this action could have been brought in the Western District of North Carolina, ECF No. 9 at 4,[2] so the primary inquiry before the Court is whether the factors outlined above support the transfer.  They do not.

---

[1] Some courts also evaluate the comparative familiarity of each district with the governing law.  Plaintiff has raised federal discrimination claims.  Accordingly, this factor is neutral.

[2] Plaintiff admits that "[b]ecause it is undisputed that this action could have been brought in Arizona, the primary inquiry before the Court is whether convenience and justice support the transfer."  ECF No. 9 at 4.  Since this case has nothing to do with Arizona, the Court assumes Plaintiff intended to concede that the case could have been brought in North Carolina.

As to the first factor, "a plaintiff's choice of venue should not be disturbed unless the balance of convenience and justice tips heavily in favor of transfer." *irth Sols.*, 2019 WL 283831, at *5 (quoting another source).  Plaintiff brought this action in the Western District of New York and the balance of the factors, at best, shift the inconvenience from one party to another. Accordingly, this factor weighs heavily against transfer.

As to the second, third, and fourth factors, the witnesses, evidence, and parties are spread throughout New York and North Carolina, so these factors are neutral.  Defendant, located in North Carolina, employed Plaintiff to work at its office in Canandaigua, New York, located in the Western District of New York.  The alleged discrimination affected Plaintiff in the Western District of New York but the offending employment decisions were made in the Western District of North Carolina, where Defendant is headquartered.  Defendant argues that Plaintiff has failed to identify any specific witnesses located in New York, ECF No. 12 at 3, but Plaintiff indicated that her medical providers—central to establishing Plaintiff's disability—are all located in New York. ECF Nos. 9-2, 9-3.  Accordingly, these factors are neutral.

Similarly, with respect to the fifth factor, the operative facts occurred in both New York and North Carolina.  Although Plaintiff worked at Defendant's New York office, she was supervised by individuals in North Carolina who made the allegedly discriminatory employment decisions.  This factor is neutral.

As to the sixth factor, since the witnesses are located across New York and North Carolina, the ability to compel their attendance is neutral.

With respect to the seventh factor, Plaintiff indicates that her cancer is in remission, that she is still under the care of doctors in the Western New York, and traveling to North Carolina would be financially and medically challenging for her.  ECF No. 9-1 at 4.  Defendant attempts to

discredit this argument by stating that Plaintiff has not submitted documentation establishing that transfer would be unduly burdensome, either logistically or financially.  ECF No. 12 at 6-7. Moreover, Defendant does not provide any facts that persuade the Court that Plaintiff has more means than Defendant.  At best, this factor is neutral.  At worst, it militates against transfer.

Finally, as to the eighth factor, because the witnesses, parties, and evidence are spread between New York and North Carolina, there is no indication that litigating in the Western District of North Carolina would be any more efficient or just than in this Court.  Accordingly, this factor is neutral.

Because most of the factors are neutral and Plaintiff's decision to bring the case in the Western District of New York weighs heavily against changing venue, the Court determines that the interests of justice and the convenience of the parties do not favor transfer.

## CONCLUSION

For the forgoing reasons, Defendant's motion to change venue, ECF No. 6, is DENIED.

IT IS SO ORDERED.

Dated: September 23, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

4